IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRIEU D. LE § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:18-cv-1342 |
| v. § | |
| § | JURY |
| ABERCROMBIE & FITCH CO. § | |
| Defendant. § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, TRIEU D. LE ("Le" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Abercrombie & Fitch Co. ("Abercrombie" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, mental anguish damages, punitive/exemplary damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for discrimination and retaliation suffered by Le in the course of his employment with Defendant. Le complains that he was discriminated against regarding the terms and conditions of his employment because of his race (Asian) and national origin (Vietnamese). Further, Le alleges that when he opposed these discriminatory practices and made a report of unlawful practices to the Defendant, he was terminated in retaliation. These claims are brought under Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. 1981 (Section 1981). Le demands a jury on all issues triable to a jury.

## II. PARTIES

2. Le is a citizen or lawful permanent resident of the United States and currently lives in Houston, Texas.

3. Defendant Abercrombie is a Delaware corporation with its principal place of business at 6301 Fitch Path, New Albany, OH 43054. Defendant regularly conducts business in this judicial district, including in Sugar Land, Texas, and maintains offices in Sugar Land, Texas. Defendant's registered agent for service of process is The Corporation Trust Co., who may be served at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## III. JURISDICTION AND VENUE

4. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2, *et seq.*, and 42 U.S.C. 1981 ("Section 1981"). *See* 28 U.S.C. § 1331.

5. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## IV. PROCEDURAL REQUISITES

7. On June 17, 2016, Le filed a Charge of Discrimination (the "Charge") against Defendant under Charge Number 460-2016-02576 with the U.S. Equal Employment Opportunity Commission ("EEOC"). Per EEOC policy, the Charge was co-filed with the state agency (Texas Workforce Commission – Civil Rights Division). In his Charge, Le asserted that Defendant discriminated against him because of his Asian race and Vietnamese national origin.

Specifically, Le charged that Abercrombie managers would mock his accent repeatedly which caused him great stress and embarrassment. Further, Abercrombie managers would make comments suggesting that he emitted a foul odor and would spray air fresheners at him. Other employees who were not Asian or Vietnamese did not receive this treatment. Due to the repeated harassment and discrimination based on his race and national origin, Le complained to Abercrombie human resources (HR). Shortly after his complaint opposing his managers' discriminatory conduct, Le was terminated.

8. A Notice of Rights was issued by the EEOC on January 31, 2018. Because this lawsuit was filed on April 27, 2018, the suit is timely filed. Both the Right to Sue letter and EEOC determination are attached to this Complaint as **Exhibit 1**, and are incorporated by reference.

9. All conditions precedent to filing this complaint have been met.

## V. FACTS

10. On September 25, 2015, Le began working for Abercrombie as a customer service representative. His work location was at the Abercrombie & Fitch store located at the First Colony Mall, 16535 Southwest Freeway, Sugar Land, Fort Bend County, Texas 77479.

11. At all times applicable hereto, Le was an exemplary employee for Abercrombie.

12. Soon after he was hired, a new assistant manager named Lindsey was brought in to supervise Le and other employees. Upon information and belief, Lindsey is Caucasian.

13. Lindsey immediately began a pattern of unrelenting discrimination against Le because of his Asian race and Vietnamese national origin.

14. After Lindsey arrived to work at the store, in early 2016, Lindsey would mock Le's Vietnamese heritage, mock his accent, and follow him around the store in a harassing

manner. This happened often and in plain sight and earshot of other employees and Abercrombie customers.

15. In addition to mocking his race and national origin, Lindsey would comment to other employees "what's that smell?" and sniff in the direction of Le. She would then spray air freshener at Le in a harassing manner. Lindsey would suggest that Asians "smelled bad" and incessantly harass Le in a discriminatory fashion. The Caucasian employees were not treated in this manner.

16. On April 28, 2016, Le reported the harassment and discrimination by his manager to Abercrombie HR. By email to Abercrombie representative Lydia Cheek, Le reported the discrimination "because of [his] race and [his] ethnicity." Le provided sufficient detail in his email for Abercrombie to be able to investigate his claims. Le asked HR to take appropriate action to stop the discrimination and harassment.

17. Approximately two weeks after his report to HR, manager Lindsey was transferred to another location.

18. Immediately after Lindsey's transfer, on May 30, 2016, store manager Travis Justus abruptly terminated Le's employment. Justus stated that Le was terminated for "corrupting" but did not explain what that meant. Le understood the termination to be in retaliation for his report of discrimination and harassment to HR. No documentation or negative performance reviews were provided to Le.

19. No Caucasian employees at this work location were treated in this manner. None were harassed on account of their race and none were terminated. Caucasian employees were treated more fairly.

20. Le was discriminated against because of his race (Asian) and national origin (Vietnamese).

21. Le was retaliated against (terminated) for engaging in a protected activity, in violation of Title VII and Section 1981.

22. In addition to lost pay, Le has suffered mental anguish, embarrassment, and emotional suffering because of the acts of Defendant.

23. As a direct and proximate result of Defendant's discriminatory conduct and retaliation, Le has suffered damages including, but not limited to, back pay, front pay, mental anguish, attorney's fees, and costs of court. Le also seeks damages for mental anguish and punitive/liquidated damages. As shown above, Defendant acted intentionally and deliberately, with malice or reckless indifference to Le's rights.

## VI. CAUSES OF ACTION

**COUNT I – RACE & NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII**

24. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

25. Under Title VII, it is "unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate...with respect to his compensation, terms, conditions, or privileges of employment...race, color, religion, sex, or national origin.' " 42 U.S.C. § 2000e-2(a); *Laxton v. Gap Inc.*, 333 F.3d 572, 577 (5th Cir. 2003). Defendant (either directly or through its agent managers) discriminated against Le in violation of Title VII when they treated him differently than non-Asian and non-Vietnamese employees as described above.

26. Le was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of his race and national origin.

27. Le belongs to a protected class.

28. Le was qualified for his position.

29. Le was discharged on account of his race (Asian) and national origin (Vietnamese) while other employees of Defendant were treated more fairly. Le can show disparate treatment by both direct and circumstantial evidence. Moreover, Le was replaced by other employees who were not Asian or Vietnamese.

30. Defendant committed a violation because race and national origin was a motivating factor if not the only factor for a discriminatory employment practice.

31. Defendants actions, as described above, violate 42 U.S.C. 2000e-2(a)(1)-(2).

32. As a result of Defendant's discriminatory actions, Le has suffered lost wages in the past and future, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Le. In all probability, Levins will continue to suffer such damages in the future.

33. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the protected rights of Le.

## COUNT II – RETALIATION UNDER TITLE VII

34. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

35. Defendant violated the anti-retaliation provisions of Title VII when they terminated Le for opposing a discriminatory and unlawful employment practice. Le was terminated because he reported race and national origin-based discrimination to Abercrombie's human resources department.

36. Defendant's unlawful retaliation against Le is the direct and proximate cause of damages alleged herein.

## COUNT III – RACE DISCRIMINATION UNDER SECTION 1981

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

38. A § 1981 claim is analyzed the same way as a Title VII claim.  To make a prima facie showing of race discrimination under § 1981, the plaintiff must show that: (1) "the plaintiff 'is a member of a racial minority; (2) the defendant had an intent to discrimination on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.'" *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

39. Le's at-will employment relationship with Abercrombie is a contract for the purposes of § 1981. *See Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050-51 (5th Cir. 1998).

40. Defendant's acts, in discriminating against Le on account of his race, violate Section 1981.

## COUNT IV – RETALIATION UNDER SECTION 1981

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

42. Section 1981 prohibits retaliation much like Title VII. *See CBOCS W., Inc. v. Humphries,* 553 U.S. 442, 457 (2008).

43. Defendant violated Section 1981's anti-retaliation provisions when they (a) terminated him for opposing a discriminatory and prohibited practice; and (b) treated him differently than Caucasian employees because he is Asian.

## VII. DAMAGES

42. As a result of Defendant's conduct, Le seeks the following relief: (1) back pay, including, but not limited to, his salary and benefits; (2) front pay, including, but not limited to, his salary and benefits; (3) other actual and compensatory damages; (4) costs of court, expert fees, and attorneys' fees; (5) damages for mental anguish and emotional distress in the past and future; and (6) punitive damages.

43. Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Le's protected rights, Le is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

44. Le requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff Trieu D. Le respectfully prays that upon final trial hereof, the Court enter judgement in favor of Plaintiff, that this Court grant his appropriate back pay, including, but not limited to, his salary and benefits; front pay, including his salary and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive/liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
TRIEU D. LE